UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KRISTY LYNN MICKLESEN<br><br>                Plaintiff,<br><br>vs.<br><br>WATKINS AND SHEPARD LEASING, LLC<br><br>                Defendant. | Case No. 4:13-cv-00518-REB<br><br>MEMORANDUM DECISION AND ORDER ON MOTION TO CONSOLIDATE AND VACATE TRIAL (DKT. 33) |

On October 6, 2015 the Court entered a Docket Entry Order denying Plaintiff's Joint Motion to Consolidate and Vacate the Trial Setting (Dkt. 33), which was filed in conjunction with the Plaintiffs in a related case, *Dahl v. Watkins and Shephard Leasing, LLC,* Case No. 4:15-cv-230-CWD (hereafter "the Dahl case"). In its Order, the Court indicated that Plaintiffs had not established grounds for consolidation or for vacating the trial setting in the instant case, and that it would file an order more fully explaining its reasoning in the near future. (42). The Court does so now.

## LEGAL STANDARD

Rule 42 of the Federal Rules of Civil Procedure provides:

> **(a) Consolidation**. If actions before the court involve a common question of law or fact, the court may:
>
> > (1) join for hearing or trial any or all matters at issue in the actions;
> > (2) consolidate the actions; or
> > (3) issue any other orders to avoid unnecessary cost or delay.
>
> (**b) Separate Trials**. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues,

>claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. Pro. 42.

Rule 42 does not mandate consolidation simply because two cases happen to involve common questions of law and fact. Rather, the rule is purposefully flexible in its application so as to allow a district court, in its discretion, to "balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." *Philadelphia Indem. Ins. Co. v. Douglas E. Barnhart, Inc.,* 2007 WL 2873683 (S.D. Cal. 2007) (quoting *Takeda v. Turbodyne Technologies, Inc.,* 67 F.Supp.2d 1129, 1132 (C.D.Cal.1999)). *See also, Idaho Wool Growers Association v. Schafer,* 2009 WL 73738 (D. Idaho 2009). The question of consolidation is left to the broad discretion of the district court, and the party seeking consolidation bears the burden of establishing that judicial economy and the benefits of consolidation outweigh any prejudice. *Single Chip Systems Corp. v. Intermec IP Corp,* 495 F.Supp.2d 1052 1057 (S.D. Cal. 2007). Consolidation is not appropriate where cases are at widely different stages of readiness for trial. *Ultimate Timing, LLC v. Simms,* 2010 WL 1881868 at *2 (W.D. Washington 2010); *Narvaes v. EMC Mortgage Corp.,* 2009 WL 1269733 at *2 (D. Hawaii. 2009); *Northstar Marine, Inc. v. Huffman*, 2015 WL 4167019 at *2 (S.D. Alabama 2014).

## DISCUSSION

Both the instant case and the Dahl case arise out of a multi-vehicle accident that occurred on April 13, 2013 on Interstate 86 in Power County, Idaho, during a severe dust storm. These vehicles included a Nissan Maxima operated by Plaintiff Kristy Micklesen and a semi-truck owned by Defendant Watkins and Shephard Leasing ("W&S Leasing"). Though the W&S

MEMORANDUM DECISION AND ORDER - 2

Leasing truck did not strike either Micklesen or her automibile, Micklesen alleges that the driver of the W&S Leasing vehicle was traveling too fast for conditions when it entered the dust cloud. Mickelsen further alleges that the W&S Leasing vehicle caused a chain reaction of collisions among the cars that were already stopped in the roadway, which ultimately led to her being knocked down in the roadway, where she was run over multiple times by other vehicles.

Both Micklesen and Dahl allege that the driver of the W&S Leasing vehicle was traveling too fast for conditions.  Hence, the two cases do involve some common questions of law or fact, making them candidates for consolidation within Rule 42. However, the Court must balance the benefits of consolidation against the possible delay, prejudice, confusion, or expense that would result from taking that step.

The instant case was filed in state court on October 25, 2013 and removed to federal court on December 9, 2013.  The Dahl case was filed nearly a year and a half later, in April of 2015 and removed to this Court on June 26, 2015. All pretrial deadlines in the instant case, including written discovery deadlines, deposition deadlines, and expert witness disclosure deadlines, have expired. The Micklesen case is set for trial beginning on November 12, 2015. Pretrial memoranda, witness and exhibit lists, and proposed jury instructions were due on October 14, 2015. (Dkt. 28).

In contrast, the Dahl litigation is at a much earlier stage. W&S Leasing filed its answer on July 2, 2015 and a Case Management Order was issued on August 31, 2015. Factual discovery will not be complete until March 15, 2016 and expert witness disclosures will not be completed until May 5, 2016. The deadline for dispositive motions in that case is May 30, 2016 and a trial date will not be set until at least sixty days after the Court rules upon any such

MEMORANDUM DECISION AND ORDER - 3

motions. (See Dahl Case Management Order, Dkt. 15). All parties agree that consolidating the instant case with the Dahl case would require putting off the trial in this case in order to avoid prejudice to the Dahls; however, the Dahl case is not likely to be ready for trial before August of 2016 at the absolute earliest. (Dkt. 33 & 37, p. 2-3). Therefore, in effect, consolidation would mean that the Micklesen case would have to be entirely re-litigated according to an completely new set of deadlines. Consolidation is a discretionary option that district courts can exercise where doing so would serve the interests of convenience and economy; here, it would have the opposite effect. In the words of a sister court, the Micklesen action "has simply traveled too far down stream to allow it to be undone, unmade, erased and revamped now in the name of consolidation." *Ultimate Timing,* 2010 WL 1881868 at *2.

Finally, in an affidavit submitted in support of the Joint Motion, Cindy Dahl states that she has "concerns" that rulings or jury verdicts in the Micklesen case may negatively affect her own case. (See Dahl Case, Dahl Affidavit, Dkt. 17 at ¶ 3). The Court is not persuaded, given that Dahl is not a party to the instant action and has not asserted that she has any familial, contractual, employment, or other relationship with Micklesen such that Micklesen might be said to be effectively representing her interests. Indeed, Dahl does not offer any legal argument or factual basis for her suggestion that her ability to prosecute her own claims against W&S Leasing may be impacted by the outcome of the instant case. Therefore, Dahl's speculative concerns in this regard do not change the Court's calculus on the consolidation issue.

Accordingly, the Joint Motion to Consolidate and Vacate the Trial Setting (Dkt. 33), is denied for the reasons described herein.

**IT IS SO ORDERED**.



DATED: **October 26, 2015**

_____
The Honorable Ronald E. Bush
Chief United States Magistrate Judge